## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| MICHAEL FOX, ) | |
| on behalf of himself and all others ) | |
| similarly situated, ) | 1:17-cv-24507 |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| LOEWS CORPORATION and LOEWS ) | |
| HOTELS HOLDING CORPORATION, ) | |
| ) | |
| **Defendants.** ) | |

### CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff Michael Fox, on behalf of himself and all others similarly situated, brings this complaint against Loews Corporation and Loews Hotels Holding Corporation (together referred to as "Loews" or "Defendants"), and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys, and says:

### I.  NATURE OF THE CASE

1. This is a consumer class action brought on behalf of people who, from four years prior to filing of this Complaint through and including the date of judgment (the "Class Period"), purchased food and/or drinks at a restaurant, bar, mini-bar, lounge and/or other public food service establishment owned, operated and/or controlled by Defendants in the State of Florida and were charged a gratuity or service charge in violation of Florida Statute 509.214 and the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA"). Defendant violated these Florida statutes in a number of ways, including but not limited to:

unlawfully including an automatic gratuity or service charge of an amount equal to or approximately 18-20% of the charges for food and beverages without providing the statutorily required notice; presenting the notice of an automatic gratuity or service charge in small, hard to read type; and, hiding the notice on the last page of the menu.  Defendant also improperly charged taxes on the gratuity amounts in violation of Rule 12A-1.0115 of the Florida Administrative Code.

## II.     JURISDICTION AND VENUE

2.      The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendants' home states, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendants and/or their agents were doing business in Florida; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

4.      The Court has personal jurisdiction over Loews because the conduct giving rise to Plaintiff's claims occurred in Florida and Loews conducts business transactions in Florida.

## III.     PARTIES

5.      Plaintiff Michael Fox is a citizen and resident of New York.

6.      Defendant Loews Corporation is a Delaware corporation with its principal place of business in New York.  Loews Corporation owns 100% of Loews Hotels Holding Corporation.

7. Defendant Loews Hotels Holding Corporation is a Delaware corporation with its principal place of business in New York. Loews Hotels Holding Corporation, through its subsidiaries, owns, operates, manages and/or controls seven hotel properties in the State of Florida.

## IV. FACTUAL ALLEGATIONS

8. Throughout the Class Period, Defendants owned, operated, managed and/or controlled seven hotel properties in the State of Florida including The Loews Miami Beach Hotel in Miami Beach; The Hard Rock Hotel at Universal Orlando; The Loews Don CeSar Hotel in St. Pete Beach; The Loews Portofino Bay Hotel at Universal Orlando; The Loews Royal Pacific Resort at Universal Orlando; The Loews Sapphire Falls Resort at Universal Orlando; and, Universal's Cabana Bay Beach Resort in Orlando.

9. Each of the Loews hotels in the State of Florida includes one or more public food service establishments, including restaurants, lounges, bars, grills, etc. Hereinafter, such public food service establishments will be referred to as "restaurants."

10. Loews also provides food, drinks, and other snacks available for purchase in a customer's hotel room through the use of room service and mini-bars.

11. Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "<u>Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included</u>."

12. FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

13. Rule 12A-1.0115(7) of the Florida Administrative Code (F.A.C.) states:

(7) GRATUITIES.

(a) Any charge made by a dealer to a customer for gratuities, tips, or similar charges is a part of the taxable sales price of the food or drinks except when:

1. The charge is separately stated as a gratuity, tip, or other charge on the customer's receipt or other tangible evidence of sale; and,

2. The dealer receives no monetary benefit from the gratuity. Money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

(b) The charge for room service made by hotels for serving meals in guests' rooms is included in the total price of the meal and is subject to tax.

(c) Service charges, minimum charges, corkage fees, setup fees, or similar charges imposed by a restaurant, tavern, nightclub, or other like place of business as part of the charge for furnishing, serving, or preparing food products are subject to tax.

### A. Factual Allegations Regarding Loews' Deceptive Practices

14. Loews violates Florida law at the public food service establishments in its hotels in the State of Florida by failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check.

15. Loews violates Florida law at these restaurants through a variety of deceptive practices, including but not limited to:

a. Failing to provide any notice or otherwise disclose on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check;

b. Failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check

because the notice provided is written in small type, often in a difficult to read italicized font; and

   c. Improperly charging tax on gratuities that are automatically added to the customer's check or bill.

**B.** **<u>Factual Allegations Regarding Plaintiff's Experiences at Loews</u>**

16. In April 2017, Michael Fox ("Plaintiff" or "Representative Plaintiff") went to a restaurant located in a Loews hotel in Florida.

17. Plaintiff ordered and was served food and/or beverages from the menu.

18. When he was done eating, Plaintiff was presented with a restaurant bill (the "check").

19. An automatic service charge of 20% was included with the charges for food and/or beverages on the check.

20. There was no mention on the restaurant's menu, neither on the hard copy provided to Plaintiff in the restaurant nor on the menu posted online on the hotel's website, that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

21. Below the check total, there was an extra line for Plaintiff to add a "Tip." Plaintiff added an additional tip to the check.

22. Plaintiff paid the check in full.

23. On another occasion in April 2017, Plaintiff went to a different restaurant located in a Loews hotel in Florida and ordered and was served food and/or beverages from the menu.

24. When he was done eating, Plaintiff was presented with the check.

25. An automatic service charge fee of an undisclosed percentage of the total was included with the charges for food and/or beverages on the check. This fee was equal to 20% of

the subtotal of the food and/or beverage charges on the check.

26. The 20% service charge amount appears to have been included in the calculation of the charged taxes, although it is unclear how the tax is calculated or whether the fee is a non-taxable gratuity pursuant to Rule 12A-1.0115(7) of the F.A.C.

27. Below the check total, there was an extra line for Plaintiff to add an "Additional Tip."

28. There was no mention on the restaurant's menu, neither on the hard copy provided to Plaintiff in the restaurant nor on the menu posted online on the hotel's website, that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

29. The acts alleged against Loews that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of Loews' business.

## V. Class Action Allegations

30. The Representative Plaintiff brings this action individually and as a class action, pursuant to Rules 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a public food service establishment at a Loews hotel in Florida during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity or service charge.

31. Excluded from the Class are Loews and its officers, directors, agents, employees, counsel and its subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely

election to be excluded from the Class.

32. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers, upon information and belief, that Defendant served and charged hundreds of thousands of customers during the class period.

33. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The common questions include whether:

  a. Loews engaged in the conduct alleged herein;

  b. Loews decided to or agreed to add a hidden automatic gratuity or service charge to restaurant and bar bills;

  c. Loews violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

  d. Loews used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its hotel business;

  e. Loews made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

  f. Loews' conduct violates consumer protection statutes, trade practices statutes as asserted herein;

  g. Loews' conduct was part of a pattern or practice;

  h. Plaintiff and the Class overpaid for their food and beverages at Loews' hotels and, if so, by how much;

  i. Plaintiff and the Class could reasonably have avoided the injury and harm;

  j. Plaintiff and the Class are entitled to equitable relief, including, but not

limited to, declarative and injunctive relief and restitution; and

    k.  Plaintiff and the Class are entitled to actual damages and other monetary relief.

  34.  Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

  35.  The Representative Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims. Neither Representative Plaintiff nor his counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

  36.  This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

  37.  Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

  38.  A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of

separate claims against Loews is slight because of the sheer number of claims against the Defendant and complexity of the matter.

39. Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class members may be obtained from Defendants' records.

## VI. CAUSES OF ACTION

### COUNT I
### Violations of Florida Statute 509.214
### Failure to Provide Notice of Automatic Gratuity Charge

40. Plaintiff incorporates the paragraphs above as if fully set forth herein.

41. Loews owns, operates, manages and/or controls public food service establishments located in its hotels under Fla. Stat. 509.214.

42. Loews restaurants include an automatic gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service establishments in the Loews hotels.

43. Loews violated Florida law by failing to include on the restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

44. As a direct and proximate result of Loew's unfair and deceptive trade practices, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief described below.

### COUNT II
### Violations of the Florida Unfair and Deceptive Trade Practices Act

45. Plaintiff incorporates the paragraphs above as if fully set forth herein.

46. Loews conducts trade or commerce under Fla. Stat. § 501.202(2).

47. Loews violated Florida law by engaging in the following conduct:

   a. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure to customers including Plaintiff and the Class;

   b. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

   c. unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by presenting customers with a check adding an automatic service charge, with a line below the total allowing a customer to add an "Additional Tip" causing confusion about the nature of the charge;

   d. falsely representing that higher charges for food and beverages were part of the cost of the food and/or beverages ordered by Plaintiff and the Class;

   e. failing to disclose the automatic gratuities or service charges;

   f. failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

   g. injury, loss and damages were likely as a result of the failure to disclose the information concerning automatic gratuity or service charges;

   h. otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

48. Loews' acts and practices described above were done with intentional and/or negligent disregard for Plaintiffs' rights under the law and with the purpose of taking more money from Plaintiff and Class Members than the fair market value reflected in the menu price for food and beverages.

49. Loews was engaged in the unconscionable, unfair, and deceptive acts set forth in this Complaint in the conduct of trade or commerce.

50. The information related to automatic gratuities or service charges Loews withheld and failed to disclose on its menus was material.

51. Loews' acts and practices described are objectively likely to mislead customers like Plaintiff and Class Members acting reasonably in the same circumstances.

52. Loews' conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

53. As a direct and proximate result of Loews' unfair and deceptive trade practices, Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below.

**COUNT III**
***Per Se* Violations of the Florida Unfair and Deceptive Trade Practices Act**

54. Plaintiff incorporates the paragraphs above as if fully set forth herein.

55. Loews' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

56. Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

57. FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce.

58. As a result, Loews' failure to provide the statutorily required notice of an automatic gratuity or service charge constitutes *per se* violations of FDUTPA.

59. As a direct and proximate result of Loews' *per se* violations of FDUTPA, Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below.

## COUNT IV
### Violations of Rule 12A-1.0115 of the Florida Administrative Code

60. Plaintiff incorporates the paragraphs above as if fully set forth herein.

61. During the Class Period, Loews improperly charged Plaintiff and Class members sales tax on the automatic gratuity or service charge amounts added to their checks.

62. Rule 12A-1.0115(7) of the F.A.C. describes when a gratuity, tip or similar charge is part of the taxable sale price of food or drinks that restaurants, hotels, or other like places of business must collect.

63. Rule 12A-1.0115(7)(a) states that gratuities, tips or similar charges are <u>not</u> part of the taxable sale price when:

> i. the charge is separately stated as a gratuity, tip, or other charge on the customer's receipt or other tangible evidence of sale; and,
>
> ii. the dealer receives no monetary benefit from the gratuity.

64. Rule 12A-1.0115(7)(a)(2) states that money withheld by the dealer for purposes of payment of the employee's share of social security or federal income tax or any fee imposed by a credit card company on the amount of the gratuity, or money withheld pursuant to judicial or administrative orders, is not a monetary benefit for purposes of this rule.

65. Upon information and belief, Loews receives no monetary benefit from the gratuities, tips, or other charges collected from its customers.

66. Loews leads customers to believe that the automatic charges applied to customers' checks are gratuities being paid directly to the servers, as opposed to service charges imposed by the restaurant as part of the charge for furnishing, serving, or preparing the food.

67. As a direct and proximate result of Loews' violations of Rule 12A-1.0115 of the F.A.C., Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below

## COUNT V
### Declaratory Judgment

68. Plaintiff incorporates the paragraphs above as if fully set forth herein.

69. FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action to obtain declaratory judgment that an act or practice violates this part."

70. Loews' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class members to a judgment declaring Loews' conduct to be in violation of Florida law as alleged.

## COUNT VI
### Injunctive Relief

71. Plaintiff incorporates the paragraphs above as if fully set forth herein.

72. FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action . . . to enjoin a person who has violated, is violating, or is otherwise likely to violate this part."

73. Loews' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to injunctive relief directing Defendant to discontinue the unlawful acts and practices alleged by conspicuously placing notice on the menus and the face of

bills provided to customers that automatic gratuities or service charges will be included, or alternatively, to no longer add automatic gratuities or service charges to customers' bills.

## VII.   DEMAND FOR JURY TRIAL

74.   Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendants Loews with the entry of an order:

A.   certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B.   entering a judgment declaring that Defendants' acts and omissions as described above are in violation of Florida law as alleged;

C.   an injunction directing Defendants to discontinue the unlawful acts and practices by conspicuously placing notice on menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or, alternatively, to no longer add automatic gratuities or service charges to customers' bills;

D.   awarding actual damages;

E.   awarding reasonable attorneys' fees, costs and prejudgment and post-judgment interest pursuant to law; and

F.   granting such other and further relief as may be just and proper.

Respectfully submitted,
**MICHAEL  FOX**

By:   s/ David M. Marco
Attorney for Plaintiff

Dated: December 13, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com


**FRANCIS & MAILMAN, P.C.**
James A. Francis (*pro hac vice forthcoming*)
John Soumilas (*pro hac vice forthcoming*)
David A. Searles (*pro hac vice forthcoming*)
Trial Counsel
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**

Lewis J. Saul (*pro hac vice forthcoming*)
Edward A. Coleman (*pro hac vice forthcoming*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
lsaul@lewissaul.com
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Class*